Affirmed and Memorandum Opinion filed April 27, 2006









Affirmed and Memorandum Opinion filed April 27, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00705-CV

____________

 

IN THE INTEREST OF N.G., P.L.G.,
AND S.G., children

 



 

On Appeal from the 314th District
Court

Harris County,
Texas

Trial Court Cause No.
99-05145J

 



 

M E M O R A N D U M   O P I N I O N

Appellant, P.G., appeals a final decree signed June 21, 2005,
terminating her parental rights to the three children who are the subject of
this suit, N.G., P.L.G., and S.G.  In
issue one, appellant claims the evidence is legally and factually insufficient
to support the trial court=s findings that she endangered her children under the terms
of section 161.001(1)(D) of the Texas Family Code.  The trial court found appellant committed two
acts under section 161.001(1):

8.2.1.  knowingly placed or knowingly allowed the children to remain in
conditions or surroundings which endanger the physical or emotional well-being
of the children, pursuant to ' 161.001(1)(D) of the Texas Family Code;               








8.2.2.  had her
parent-child relationship terminated with respect to another child based on a
finding that the mother=s conduct was in violation of ' 161.001(1)(D) or (E), Texas Family
Code, . . . pursuant to ' 161.001(1)(M) of the Texas Family Code;

Appellant does not challenge the second ground.  Moreover, the record contains a decree
terminating appellant=s parental rights to a son, J.R.G., pursuant to section
161.001(1)(E) of the Texas Family Code. 
Accordingly, the evidence is legally and factually sufficient to support
the trial court=s finding.  See In
re J.F.C., 96 S.W.3d 256, 265‑66 (Tex. 2002); In re C.H., 89
S.W.3d 17, 18‑19 (Tex. 2002). 
Issue one is overruled.

In her second issue, appellant claims the evidence is legally
and factually insufficient to support the trial court=s finding that termination of her
parental rights is in the children=s best interest.            In determining the best interests
of the children, we consider the Holley factors: A(A) the desires of the child; (B) the
emotional and physical needs of the child now and in the future; (C) the
emotional and physical danger to the child now and in the future; (D) the
parental abilities of the individuals seeking custody; (E) the programs
available to assist these individuals to promote the best interest of the
child; (F) the plans for the child by these individuals or by the agency
seeking custody; (G) the stability of the home or proposed placement; (H) the acts
or omissions of the parent which may indicate that the existing parent‑child
relationship is not a proper one; and (I) any excuse for the acts or omissions
of the parent.@ 
Holley v. Adams, 544 S.W.2d 367, 371-72 (Tex. 1976)(footnotes
omitted).  Using these factors, we
examine whether the evidence is legally and factually sufficient to support the
trial court=s finding.             








Rhonda Washington, a contact case worker for the Texas
Department of Family and Protective Services, testified the children, N.G.,
P.L.G., and S.G., have been in the foster care system since 2002.  N.G., who was fourteen years old at the time,
was pregnant and receiving prenatal care. 
P.L.G. had issues with reading but it was being controlled by the
educational department.  N.G., P.L.G.,
and S.G. are all in therapy.  N.G. and
P.L.G. were victims of sexual indecency with a child, committed by their
father, R.G.[1]  According to Washington, N.G. and P.L.G. were
assaulted by R.G. in appellant=s home, with her knowledge. 
Washington testified the children have issues with separation, are aware
it is in their best interest Ato stay where they are,@ and realize their mother is unable
to provide for their needs.  They are
currently together in a foster home and the foster parents have made a
long-term commitment to raising the children and keeping them together,
including N.G.=s baby.  The children had been in the same foster home
for three years, had never been separated and want to stay together.  In the last three years, the children=s grades improved.

Washington testified that appellant=s parental rights had been terminated
on two other children, J.R.G. and A.G. 
Appellant has had six children, including the three the subject of this
suit, in the care of the agency. 
Washington believed it would be in the children=s best interest for appellant=s parental rights to be
terminated.  Washington testified she had
worked with appellant since 1999 but she has not progressed and has continued
to exhibit behaviors or participate in activities that will cause the children
continued harm.  

Washington testified appellant tried to complete her
parenting classes.  Washington had not
been to appellant=s home and had no information as to whether appellant was
getting treatment for her substance abuse problem. 

Appellant testified she has attended parenting classes, DAPA,
and is trying to acquire her GED. 
Appellant admitted she has no stable home for the children.  At the time, she was staying with her aunt,
who said the children could live there with appellant.  Appellant stated it had been approximately
five years since she took illegal drugs. 
She has attended every visit.

 








The evidence shows the children desire to remain together,
which they can do in foster care.  The
children=s needs are being met in foster care
and the foster mother has committed to meeting those needs in the future.  The foster home has been a stable home for
the children for three years and the children have shown improvement during
that time.  The acts or omissions of
appellant regarding the sexual abuse of two of the children by their father, in
appellant=s home and with her knowledge,
indicate the existing parent-child relationship is not a proper one.  Appellant offered no excuse for those acts or
omissions.

Viewing all the evidence in the light most favorable to the
judgment, we find the trial court could reasonably have formed a firm belief or
conviction that termination was in the children=s best interest; thus the evidence is
legally sufficient. See In re J.F.C., 96 S.W.3d 265‑66.
Considering evidence the fact finder could reasonably have found to be clear
and convincing, we also find the evidence is such that the trial court could
reasonably have formed a firm belief or conviction that termination was in the
children=s best interest; thus the evidence is
factually sufficient. See In re C.H., 89 S.W.3d at 18‑19.  Issue two is overruled.

Accordingly, the judgment of the trial court is affirmed.

 

PER CURIAM

 

Judgment rendered and Memorandum
Opinion filed April 27, 2006.

Panel consists of Justices Hudson,
Fowler, and Seymore.  

 











[1]  The parental
rights of R.G. were also terminated but he did not appeal.